Request of House of Representatives,
No. 5657.

### OPINION OF THE JUSTICES.

Submitted June 2, 1967.
Answer returned June 8, 1967.

The following resolution was adopted by the House of Representatives May 17, 1967 and filed in this court on May 24, 1967:

"Whereas, there is pending before the House of Representatives House Bill No. 318, An act to provide extra funds for the fish and game department from tolls from motor fuel used for propulsion of boats, and

"Whereas, House Bill No. 318 would provide that one-half of unrefunded tolls collected from motor fuel used for propulsion of boats would be credited to the balance of the fish and game

department instead of being all credited to the division of safety services as the statute now provides, and

" Whereas, the constitutionality of House Bill No. 318 has been challenged because of the provisions of Part 2, Article 6-a of the New Hampshire constitution which restricts the use of certain revenues including revenues from the sale or consumption of motor vehicle fuels for highway purposes, now therefore be it

" Resolved, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

" 1. Can the unrefunded tolls collected from motor fuel used for the propulsion of boats in accordance with the provisions of RSA 265:29 be appropriated by the legislature for the use of any other department other than the department of public works and highways ?

" 2. Would the enactment of House Bill No. 318 violate any constitutional provisions of the state ?

" Be it Further Resolved that the Speaker transmit seven copies each of this resolution and of House Bill No. 318 to the Clerk of the Supreme Court for consideration by said court. "

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following answers to the questions contained in your resolution filed May 24, 1967, relating to House Bill No. 318.

House Bill No. 318 if enacted would amend RSA 265:29 so as to credit to the Fish & Game Department one-half of the unrefunded tolls collected on motor vehicle fuel used for the propulsion of boats instead of crediting all such unrefunded tolls to the Division of Safety services as that section now provides. Your inquiry is whether this would violate any constitutional provision and in particular Part II, Article 6-a.

The motor vehicle road toll ( RSA ch. 265 ) is not a tax upon the sale or consumption of motor vehicle fuels as such but is a road toll imposed as a recompense for the use of the highways. *Tirrell* v. *Johnston*, 86 N. H. 530. The toll is imposed upon sale of fuel only as a measure of the use of the highways and it is not imposed if sale is for uses other than to propel motor vehicles

upon the highways. *Sun Oil Company* v. *Clarke*, 103 N. H. 238. See *Savin Co.* v. *Clarke*, 97 N. H. 86. However, instead of exempting motor fuel sold for use in boats from the toll at the time of sale and delivery, the plan of the statute is to collect the toll on all motor fuel sold, with certain exceptions not relevant here ( RSA 265:4 ), and then provide for refunds if the applications therefor are made within a specified time. RSA 265:19. Refunds not claimed within the prescribed time are forfeited. The amount of unrefunded tolls on motor fuel used in boats is determined by deducting the amount actually refunded from the amount of toll paid on gasoline delivered directly into the fuel tanks of boats as reported by persons selling and delivering such motor fuel. RSA 265:29 and 30. It is these funds which are the subject matter of House Bill No. 318.

Part Second, Article 6-a of the Constitution reads as follows: " All revenue in excess of the necessary cost of collection and administration accruing to the state from registration fees, operators' licenses, gasoline road tolls or any other special charges or taxes with respect to the operation of motor vehicles or the sale or consumption of motor vehicle fuels shall be appropriated and used exclusively for the construction, recon-struction and maintenance of public highways within this state, including the supervision of traffic thereon and payment of the interest and principal of obligations incurred for said purposes; and no part of such revenues shall, by transfer of funds or otherwise, be diverted to any other purpose whatsoever. "

Since unrefunded tolls from motor fuel used in boats do not constitute revenue accruing to the State from the sale of motor vehicle fuel used to propel motor vehicles upon the public highways, they are not derived from a " gasoline road toll " within the meaning of Article 6-a, and therefore are not restricted as to use.

We conclude that House Bill No. 318 would not violate any constitutional provision. We therefore answer Question No. 1 in the affirmative and Question No. 2 in the negative.

RSA 265:19 was amended by Laws of 1965, 355:1 to provide for refunds to certain carriers. The section as it now reads, while providing for a refund to such carriers and the method of computing the same, seems either not to provide specifically for refunds to the other motor fuel users mentioned or to make the amount of such refunds dependent upon a formula which is

entirely unrelated to them. While not a constitutional problem, we call this to your attention in the event that while considering the proposed amendment to Section 29, you may wish to consider clarifying Section 19.

> Frank R. Kenison.
> Laurence I. Duncan.
> Edward J. Lampron.
> William A. Grimes.
> Robert F. Griffith.

June 8, 1967.

Representative *John Hoar*, Esq. of Epping; Representative *Ralph C. Maynard* of Portsmouth and *Donald Moreau* of Portsmouth, in favor of the bill.

*John O. Morton*, Commissioner, Dept. of Public Works & Highways and *Stacey W. Cole* for N. H. Petroleum Council, opposed to the bill.